# Matthew C. Johnston

*ATTORNEY AT LAW, LLC*

19 Park Place, Flanders, New Jersey 07836

Matthew C. Johnston*
Joseph W. Peters
+Member of N.J., ME & MA. Bar
*Member of N.J., MN & Washington, D.C. Bar

(973) 584-5402
Fax (973) 252-7200

http:/law-offices-of-matthew-c-johnston-esq-llc.com

E-mail: realestatelawyers@att.net
lawoffices19@att.net
njbankruptcylaw@att.net
shortdepartment@att.net
modernlaw@att.net

Barry M. Johnston (1933-2014)
Elizabeth L. Bancroft+
Of Counsel

September 15, 2017

Honorable Michael B. Kaplan
United States Bankruptcy Court
Clarkson S. Fisher US Courthouse
402 East State Street
Trenton, NJ 08608

    Re:    Louis Farina
            13-18864
            Sur- Reply to Motion for award of Post-Petition Attorney's Fees.

Dear Judge Kaplan:

      Please accept this Sur-Reply, in response to the Reply Brief of Creditor, Hilltop Farm Condominium Association's ("Hilltop") Motion for an award of Post-Petition attorney fees and other recoverable assessments, returnable September 19, 2017.

### *Preamble.*

      It is clear that Your Honor has before him two positions which are polar-opposite. Debtor believes that any attorneys fees sought to be recovered from him after filing for bankruptcy protection must relate to reasonable and necessary legal activity which is solely for the protection of a creditor's confirmed debt.

Hilltop, on the other hand, believes that once an individual unit owner in their residential community has defaulted in the payment of their assessments, any and all legal fees which they incur, regardless of the need for same, can be charged to said defaulting unit owner *ad infinitem* - even if the unit owner files for bankruptcy protection.

### *Post-Petition legal fees.*

It appears that both parties are in agreement as to the relevant governing documents related to attorneys fees in this matter: Hilltop's Bylaws, Article VI, Section 10 and Hilltop's Master Deed, Section 7.

The interpretation of the language as presented by both parties is somewhat confused and, admittedly, partially by me. After reading the Reply of Hilltop and re-reading Debtor's Opposition, it seems to me that I may have inadvertently confused the overall matter by mixing pre-bankruptcy legal fee appropriateness with the only relevant issue before Your Honor, namely, the propriety of post-confirmation attorneys fees.

To be clear, while Debtor never had the formal opportunity to dispute the necessity and reasonableness of the legal fees charged to him prior to filing for bankruptcy protection, once he accepted the claim of Hilltop as a part of his confirmed plan(s), he essentially waived his right to dispute pre-petition legal fees charged to him up to the entry of the Consent Order. As such, this is not the proper venue for Debtor to challenge the general authority of Hilltop to collect legal fees leading up to the filing and confirmation of his initial bankruptcy plan.

As a result, solely for purposes of this hearing, Debtor shall concur that the Master Deed and the Bylaws, as well as relevant New Jersey case law, inclusive of Park Place E. Condo. Ass'n v. Hovbilt, Inc., 279 N.J. Super. 319 (Ch. Div. 1994), allows for attorneys fees beyond 20% of the base debt amount, but only after a judgement has been obtained and only when same are reasonable and specifically related to necessary collection activities undertaken in pursuing payment of said judgment or to undertake a foreclosure.

Beyond this understanding, though, the case law does not give Hilltop *carte blanche* authority to charge a defaulting debtor for every activity an attorney does, without limitation. As the dicta by Justice McGann makes clear in Park Place, a condominium board does not need to use an attorney for general administrative collection activities, such as sending letters or making telephone calls, and that collection activities by an attorney can (and should if possible) be accomplished without litigation. See, Park Place, Supra, at 320.

Importantly, the only recoverable attorneys fees beyond the pre-judgment 20% limitation noted by the Court in Park Place were related to filing a foreclosure action and litigating same; the debtor had not filed for bankruptcy protection as this Debtor has.

### *The legal fees being sought are not objectively reasonable nor were they necessary.*

With the issue of Hilltop's general authority to collect pre-confirmation attorneys fees made moot, when it comes to the recovery of Post-Petition legal fees, the only issue which remains pertains to the necessity of Hilltop in needing an attorney to undertake the actions they are seeking reimbursement for.

Debtor's opposition sufficiently clarifies why the instant fees being sought are neither reasonable, nor were they even necessary, in any way, to protect the secured claim of Hilltop. If Hilltop's counsel had done nothing between the time the Debtor's initial Plan was confirmed and now, nothing would be different and Hilltop would be reimbursed for their entire secured claim through the plan.

To clarify Debtor has not questioned the <u>rate</u> of fees charged by Hilltop's counsel, he disputes the <u>necessity</u> of any of the actions charged throughout Exhibit "B".

Further, although Hilltop cites Debtor's "misconduct" as to the reason they asked their attorney to "monitor" Debtor's bankruptcy for a "potential impact" to their claim, the very statement highlights the weakness of Hilltops's position - "monitoring" for "potential impacts" to matters do not equate to "administrative" actions under any reasonable interpretation.

Hilltop's reply makes it clear that the activities their lawyer engaged in were based in theoretical potentialities. A potentiality is not based in reality and, more importantly, being proactive based on potentiality is not something reasonably related to the protection of a secured debt - and it certainly does not constitute an administrative task even in the most basic sense of the word.

Debtor did not conduct "misconduct" to anyone - especially not to Hilltop. Debtor has continuously and timely paid his monthly association fees to Hilltop and has not violated the Hilltop rules.

Debtor's unfortunate personality conflicts with his former attorney had nothing to do, either directly or indirectly, with Hilltop or Hilltop's secured debt. Whether a debtor has an attorney or chooses to act *pro se* does not affect Hilltop's debt. As such, "monitoring" for the "potential impact" to Hilltop's claim is not something reasonably related to the administration of same.

Debtor did not conduct any "misconduct" that led to the Trustee seeking to dismiss his plan. Both of the Trustee's motions were based on matters not within Debtor's control, not due to Debtor's conduct. One was initiated due to a former home of Debtor not having been properly removed from county clerk records years before the bankruptcy filing; the other was initiated due to a mistake by Debtor's former attorney related to one of the other secured creditors proof of claim.

3

Regardless of this, each of the motions were withdrawn and, thus, Hilltop's debt was not affected, "potentially" or in reality. The truth of the matter is that even if a dismissal had been completed, it is undeniable that Hilltop would have been pleased, as the Motion to Remove Hilltop from the Automatic Stay they filed in April asked for the very relief they claim would have "potentially" affected their claim.

Lastly, Hilltop has failed to proffer any viable explanation for the necessity of filing an *ad hoc* motion to be released from the Automatic Stay, nor why Debtor should have been charged for same. This was a bizarre move by Hilltop and without any stated justification.

In this regard, Debtor warned Hilltop, via Code protocols, to withdraw same as being frivolous, but they chose not to. As such, in reality, it was Hilltop's own questionable conduct which led to the costs for filing a frivolous and improper motion - which was denied - and, as a result had to pay for their attorney to defend himself against sanctions. Hilltop can not justify the necessity for these charges they seek reimbursement from Debtor.

As such, Debtor maintains that the recovery of these additional attorney fees are neither reasonable, nor contemplated by 11 U.S.C. §503 (a) and (b) (4).

### *The Doctrine of Laches bars recovery.*

The doctrine of Laches is also relevant to this matter. All of the case law referred to by Hilltop relates to statute of limitation matters and are totally inapposite to this situation. None of the cited cases have any relationship to filing a post-confirmation claim for costs and/or fees over 4 years into a 5 year, confirmed, bankruptcy plan.

But the reality is even more offensive than simply trying to recover "last minute" costs at the end of a plan term. Most of the Hilltop attorney fees and all of the accelerated fees were known and expected from the Debtor years ago and they were obviously waiting for the Debtor to finish the plan and then seek reimbursement through State court. This is undeniable, as they made an improper motion to do just that.

Hilltop can not have it "both" of the proverbial "ways". If the fees sought were legitimate, they had a Consent Order to properly ask for them when they were due, or within a reasonable time from when they were due. The pre-petition debt was protected; the Automatic Stay was in place. They purposely waited.

There is no case law allowing a creditor to, literally, automatically create more debt during a bankruptcy without the Debtor doing something to cause the debt to be accrued, and then seek <u>astronomical fees</u> at the end of a confirmed plan. Hilltop has no viable explanation as to why they chose to wait years in asserting a right to same, and only after their failed attempt to remove the Stay protections failed

4

There is significant case law, as outlined in Debtor's formal opposition, allowing a Court to take Judicial Notice of unusual and unexplained actions and inactions of those seeking to recover an untimely debt of any sort. The Debtor asks Your Honor to do just that in this matter and maintains the request that the court reject Hilltop's request for all fees under the equitable principle of laches.

## *Conclusion.*

For the reasons set forth more fully above, Debtor contends that the recovery of additional attorney fees are neither reasonable nor necessary. Moreover, the recovery of accelerated "late" fees from 2013 would be inequitable to charge to Debtor at this late stage of his plan.

Debtor respectfully renews its requests that Your Honor: (1) deny the entirety of Hilltop's current request for attorney fees and accelerated late fees; (2) preclude Hilltop from charging Debtor for any attorneys fees for the instant matter or any previous matter related to this, or the defense of the motion to levy sanctions against Hilltop's counsel; and (3) affirmatively retain jurisdiction on any other future post petition and post-confirmation fees which Hilltop attempts to levy against Debtor related to this Bankruptcy.

Very Truly Yours,

Matthew C. Johnston, Esq.